Salvatore BALLETTA, Petitioner

v.

UNITED STATES of America,
Respondent.

No. 88 C 3424.

United States District Court,
E.D. New York.

Dec. 20, 1988.

Salvatore Balletta, Loretto, Pa., pro se.

Andrew J. Maloney, U.S. Atty., Brooklyn, N.Y. (Bonnie S. Klapper, Asst. U.S. Atty., of counsel), for respondent.

· MEMORANDUM AND ORDER

NICKERSON, District Judge.

Petitioner asks pursuant to 28 U.S.C. § 2255 that the court set aside his conviction on one count of a multi-count indictment for narcotics violations.

Petitioner pleaded guilty on January 10, 1983. The court sentenced him to ten years on April 14, 1983 and on September 12, 1983 denied a motion to reduce sentence.

Melvin Lebetkin, an attorney, represented petitioner at the time of the plea and the sentence. Some three years later, in 1985, federal authorities began to investigate corruption in the New York City Parking Violations Bureau (the Bureau), and on February 4, 1988 a grand jury in this district indicted Lebetkin for mail fraud in connection with his obtaining of contracts with the bureau and for conspiracy, obstruction of justice, and tax fraud.

The indictment of Lebetkin alleges that in the spring of 1982 he was approached to and agreed to form an agency to collect for the Bureau unpaid parking violation judgments. The agency was to have among its secret partners Donald Manes, Queens County Borough President, and Geoffrey Lindenauer, an employee of the Bureau, both precluded by law from having any ownership interest in an agency doing business with the Bureau.

Petitioner contends that he was denied effective assistance of counsel because Lebetkin was engaged in criminal activity when petitioner pleaded guilty. Petitioner cites *Solina v. United States*, 709 F.2d 160 (2d Cir.1983) and *United States v. Cancilla*, 725 F.2d 867 (2d Cir.1984).

In the *Solina* case the defendant's attorney had never become a member of the bar and thus was disqualified from the practice of the law. The court held, "without enthusiasm," that in all cases a defendant, unless he waives the right to counsel, must be represented by a licensed practitioner.

In the *Cancilla* case the government informed the court that defendant's trial counsel might have been conspiring with someone connected to the schemes involving defendant to make similar fraudulent insurance claims and that counsel thus had an "egregious" conflict of interest. The court said that defense counsel must have considered whether a vigorous defense might have uncovered evidence revealing his own crimes, and that he could hardly have been impartial in advising the defendant whether or not to take a guilty plea which might be conditioned on defendant's cooperation and thus lead to discovery of

counsel's similar activities. The court held that this kind of conflict of interest was a *per se* violation of the Sixth Amendment right to counsel.

Neither of these opinions is controlling here. Lebetkin was a member of the bar. The investigation of the Bureau did not begin until some three years after petitioner took his plea, and Lebetkin was not indicted until 1988, more than five years after the plea. The government states it has no reason to suppose Lebetkin was involved in any criminal narcotics activities. There is nothing to suggest that Lebetkin's representation of petitioner might have been affected by a concern about a government investigation.

The petition is dismissed.

So ordered.